1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

9
10
11

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. 14-cv-02766-L (BGS) |
| Plaintiffs, | **ORDER GRANTING MOTION TO STRIKE ANSWERS AND AFFIRMATIVE DEFENSES** |
| v. | |
| JOSE ALBERTO OLIVO and JUAN PABLO MARTINEZ, individually and d/b/a CLUB CARIBE A/K/A CARIBE RESTAURANT AND NIGHTCLUB, INC., an unknown business entity d/b/a CLUB CARIBE A/K/A CARIBE RESTAURANT AND NIGHTCLUB, | ECF Nos. 14, 21 |
| Defendants. | |

12
13
14
15
16
17
18
19

20   Plaintiff, J & J Sports Productions, Inc., owned the exclusive rights to distribute "The

21   Clash in Cotai", a boxing match between Manny Pacquiao and Brandon Rios (hereinafter the

22   "*Program*"). On November 23, 2014, the fight was broadcast across the United States. Plaintiff

23   alleges that Defendants knowingly intercepted and showed the fight without permission of

24   Plaintiff, in violation of the Telecommunications Act of 1996, 47 U.S.C. § 605, *et seq.*, the Cable

25   Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, *et seq.*, and

26   California Business and Professional Code § 17200, *et seq.* Plaintiff also alleges a common law

27   claim of conversion. Defendants appear to deny all allegations and raise fifteen enumerated

28   affirmative defenses. Plaintiff now brings a Motion to Strike Defendants' Answers and

1   Affirmative Defenses. Under Civil Local Rule 7.1.d.1., the Court decides the matter on the

2   papers submitted and without oral argument.

3   **I.      PROCEDURAL BACKGROUND**

4         On November 19, 2014, Plaintiff filed the Complaint, which named Jose Alberto Olivo

5   and Juan Pablo Martinez, both individually and d/b/a Club Caribe, as well as Club Caribe

6   ("Caribe") as an unknown business entity. However, Caribe was not properly served with a

7   summons and therefore not initially a party to this action. Accordingly, when Defendants Olivo,

8   Martinez, and Caribe each filed an Answer to the Complaint, the Court struck the Answer filed

9   by Caribe. Summons for Caribe was reissued and Caribe was properly served. Before Caribe

10  filed an answer, Plaintiff brought a Motion to Strike Defendants' Answers and Affirmative

11  Defenses against Defendants Olivo and Martinez. When Caribe filed its Answer, Plaintiff

12  brought a motion to strike against it as well. As the Answers of Olivo, Martinez, and Caribe are

13  identical except for cosmetic differences and the filing parties, and the motions to strike brought

14  against those answers are substantively the same, this Court will consider them together for

15  purposes of this Order. Further, as Defendants' Opposition to Plaintiff's Motion to Strike was

16  filed before the deadline for Caribe to file an opposition, this Court will consider it to be timely.

17  **II.     LEGAL STANDARD**

18        When responding to pleadings a party must "state in short and plain terms its defenses to

19  each claim asserted against it" and when contesting an allegation "a denial must fairly respond to

20  the substance of the allegation." FED. R. CIV. P. 8(b)(1)-(2).

21        Affirmative defenses must give the plaintiff "fair notice of the defense." *Wyshak v. City*

22  *National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). This does not require detailed factual support

23  for the defense but must make clear the basis for the defense. *See Conley v. Gibson*, 355 U.S. 41,

24  47-48 (1957). An affirmative defense which negates an element of a plaintiff's claim is not an

25  affirmative defense but an answer to that claim. *Zivkovic v. Southern Cal. Edison*, 302 F.3d

26  1080, 1088 (9th Cir. 2002). The Ninth Circuit has declined to extend the heightened pleading

27  standard promulgated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to affirmative

28  defenses. *Kohler v. Islands Restaurants*, LP, 280 F.R.D. 560, 565-66 (S.D. Cal. 2012) (Whelan,

1   J.); *see Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010).

2        A court may strike "an insufficient defense or any redundant, immaterial, impertinent or

3   scandalous material" from a pleading. FED. R. CIV. P. 12(f). However, motions to strike are not

4   widely favored, see *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, and leave to amend

5   stricken pleadings should be freely granted. FED. R. CIV. P. 15(a)(2); *Forman v. Davis*, 371 U.S.

6   178 (1962).

7   **III.   DISCUSSION**

8        Plaintiff's Motion to Strike argues both that Defendants' answers (*i.e.*, responses to the

9   allegations enumerated in the complaint) are invalid, and Defendants' affirmative defenses are

10  not legally sufficient. The Court will consider the two separately.

11       **A.   <u>Answers to Allegations</u>**

12       Plaintiff's complaint contains forty-eight allegations and includes four separate counts.

13  The first nineteen allegations address jurisdiction and the parties to the matter, as well as other

14  allegations general to all counts. Beginning with the twentieth allegation, the complaint is

15  broken into four counts, with all preceding allegations reincorporated into each count. In their

16  Answer to the complaint, Defendants list four counts but merely state that "Defendant denies

17  each and every allegation of the complaint" by means of response to each of the counts. (Answer

18  at 2.)  Defendants' answers to the allegations of the Complaint are insufficient.

19       Under Rule 8(b), parties may either respond to allegations individually or submit a

20  general denial of the entire pleading. FED. R. CIV. P. 8(b)(3). If a party wishes to submit a

21  general denial, they must seek to deny all facets of the complaint, or deny all allegations except

22  those specifically designated for admission. *Id.* at (c). Otherwise a party must address the

23  substance of each allegation. *Id.* at (b). In this case, Defendants' answers satisfy neither

24  requirement. Some allegations cannot be disputed in good faith. For example, Defendants

25  Martinez and Olivo are indeed identified on the liquor license issued to Club Caribe as alleged in

26  the complaint. (Compl. at 8, 10.) Therefore, a general denial is not valid. As the denials do not

27  address the substance of any counts, the answers are also invalid as a response to individual

28  allegations.

1    In light of these deficiencies, Defendants' answers are stricken with leave to amend.

2  Defendants should take care to review the substance of the allegations before submitting an

3  amended answer. Defendants should only deny those allegations which they intend to contest.

4        **B.     <u>Affirmative Defenses</u>**

5        Defendants' affirmative defenses are insufficient as a matter of law. The defenses are

6  either denials of the elements of the complaint, are irrelevant to the claims alleged, or do not

7  state sufficient facts to put Plaintiff on notice of the grounds for the defense.

8        The first affirmative defense states that the claim in this case has been settled by accord

9  and satisfaction. Similarly, the ninth affirmative defense claims that "the debt. . . has been paid

10 in full by Defendant according to agreement by the parties." (Answer at 2, 4.) Accord and

11 satisfaction is normally a defense in contract law. As Plaintiff has not alleged a breach of

12 contract, accord and satisfaction is inappropriate. Further, neither of these affirmative defenses

13 contain sufficient factual statements to put Plaintiff on notice of the circumstances under which

14 Defendant allegedly made payment which settled the present dispute. Therefore, the first and

15 ninth affirmative defenses are stricken with leave to amend.

16       Next, Defendants allege that Plaintiff's claim is barred by assumption of risk because

17 Plaintiff "engag[ed]  in transactions with Defendant for the distribution of goods[.]" (Answer at

18 2.) While normally a defense in tort law, this application of assumption of risk relies on the

19 existence of a contract between Plaintiff and Defendants. As stated above, Plaintiff has not

20 alleged a contract claim and so this defense is invalid. Even in its most basic form, assumption of

21 risk would be inappropriate as currently alleged because Plaintiff cannot reasonably be expected

22 to assume the risk of illegal interception of their broadcast by third parties. Defendants' second

23 affirmative defense is stricken with leave to amend.

24       The third affirmative defense alleges that Plaintiffs injuries "were the direct result of

25 Plaintiff's own negligence apart from any negligence of the Defendant. Plaintiff's negligence

26 consisted of channel stuffing and other unfair business practices." (Answer at 2-3.) This is

27 invalid for two reasons. First, Plaintiff does not make any claims based on a negligence

28

1    standard,[1] so stating that Defendants' negligence was not causal of Plaintiff's injury is

2    inapposite. Second, although comparative negligence can bear on strict liability claims, *see Daly*

3    *v. General Motors Corp.*, 20 Cal.3d 725, 737 (Cal. 1978), the alleged negligence of Plaintiff  has

4    no discernible relationship to this case. Defendants' third affirmative defense is stricken with

5    leave to amend.

6         Defendants' fourth, sixth, seventh, and tenth affirmative defenses each state that Plaintiff's

7    claims are barred because the contract under which they are brought is unenforceable. This is

8    immaterial as Plaintiff has not alleged any cause of action based on a contract claim. There is no

9    possibility for Defendant to cure these affirmative defenses, as alleging that there was a contract

10   between Plaintiff and Defendants would be a denial of elements of the complaint. Accordingly,

11   Defendants' fourth, sixth, seventh, and tenth affirmative defenses are stricken without leave to

12   amend.

13        The fifth defense states that "Plaintiff's claim is barred by estoppel because Plaintiff took

14   action unilaterally in its business dealing with Defendant and assured Defendant that it would

15   not be held responsible for consequent harm. Defendant relied on Plaintiff's representation[.]"

16   (Answer at 3.) Defendant asserts nothing that indicates the nature of the alleged business

17   dealings with Plaintiff or the purported statements on which Defendant relied. Defendants' fifth

18   affirmative defense is stricken with leave to amend.

19        Defendants' eighth affirmative defense states that there was a license agreement between

20   Plaintiff and Defendant. This is not an affirmative defense but a direct refutation of the claims

21   made by Plaintiff. The eighth defense is stricken without leave to amend.

22        Defendants eleventh and twelfth defenses assert that Plaintiff cannot recover because of

23   waiver and unclean hands, respectively. These doctrines are normally grounded in principles of

24

25        [1]Plaintiff's claims are all based on a strict liability. *See* 47 U.S.C. §§ 553(a), 605(a)

26   (statute contains no willfulness requirement for determining liability); *See also Ortega v. Toyota
     Motor Sales, USA, Inc.*, 572 F. Supp. 2d 1218, 1220 (S.D. Cal. 2008) (Sabraw, J.) (holding no

27   volitional act requirement necessary for a conversion claim); *See also* CAL. BUS. & PROF. CODE
     § 17206 (listing willfulness of a defendant's misconduct as a factor for determining the amount

28   of penalties but not for determining liability).

14cv02766

1  contract law. As there is no contract breach alleged in the complaint, they are superfluous to the

2  instant case. Further, both defenses allege that Plaintiff broadcast the Program to Defendants

3  intentionally. This is a refutation of Plaintiff's assertions in the complaint, rather than an

4  affirmative defense. For these reasons, the eleventh and twelfth affirmative defenses are stricken

5  without leave to amend.

6       In the thirteenth affirmative defense, Defendants contend that Plaintiff's claim is barred

7  by laches. Laches is common law doctrine, usually reserved for matters in equity, barring claims

8  made after long delays that prejudice the party they are brought against. *See Black's Law*

9  *Dictionary* 1006 (10th ed. 2014). As this case is not one of equity, laches is inappropriate. Even

10 if an equitable doctrine were proper in this instance, there has not been sufficient time to merit

11 invocation of laches. The underlying purpose of laches is analogous to a statute of limitations in

12 modern law. None of the claims brought by Plaintiff has passed their respective statutes of

13 limitations.[2]  If the statute of limitations has not passed, invoking laches would hardly be

14 appropriate. As such, Defendants' thirteenth affirmative defense is stricken without leave to

15 amend.

16      Defendants' fourteenth affirmative defense alleges that Defendant acted in "good faith and

17 observed all reasonable standards[.]" (Answer at 5.) The fifteenth affirmative defense alleges

18 that "any unauthorized publication was not caused by a volitional act attributable to the

19 Defendant." *Id.* Essentially, both of these defenses assert that Defendant had no intent to illegally

20 intercept and broadcast the Program. However, as of Plaintiff's claims are all based on a strict

21 liability standard, *see supra* note 1, a lack of volitional intent on the part of Defendants is

22 immaterial. Therefore, the fourteenth and fifteenth affirmative defenses are stricken without

23 leave to amend. Insofar as these affirmative defenses claim that Defendants were "assured by

24 Plaintiff" that they would not be harmed, (Answer at 5), those assertions would be more

25

26      [2]*J & J Sports Productions, Inc. v. Pacis*, WL 5245281 at 2 (N.D. Cal. 2008) (holding a
    one-year statute of limitations for claims under 47 U.S.C. §§ 553 and 605); CAL. CODE CIV.
27  PROC. § 338(c) (giving a three-year limitation on actions for taking, detaining, or injuring goods
    or chattels); CAL. BUS. & PROF. CODE § 17208 (setting the statute of limitations for causes of
28  action under that chapter at four years).

14cv02766

1 appropriate as part of an estoppel defense.

2       All of Defendants' affirmative defenses are defective either because they are denials of

3 Plaintiff's allegations, they are inapposite to the causes of action, or because they contain

4 insufficient facts to put Plaintiff on notice of the nature of the affirmative defense. For these

5 reasons, all of Defendants' affirmative defenses are stricken. The Court envisions situations

6 where some of the affirmative defenses could be cured by Defendants. Accordingly, defenses

7 which can be cured are stricken with leave to amend. Defendants should take care to amend

8 defenses to give Plaintiff fair notice about the substance of the defense. Further, Defendants

9 should only include assertions responsive to claims alleged by Plaintiff.

10 **IV.    CONCLUSION & ORDER**

11       For the foregoing reasons, Plaintiff's Motion to Strike Defendants' Answers and

12 Affirmative Defenses is **GRANTED** with respect to both the answers to allegations and

13 affirmative defenses. The answers to Plaintiff's claims may be cured. Therefore, the answers are

14 stricken with **LEAVE TO AMEND**. Some of Defendants' affirmative defenses may be rectified.

15 As such, affirmative defenses one, two, three, five, and nine are stricken with **LEAVE TO**

16 **AMEND**. The rest of Defendants' affirmative defenses cannot be cured. Accordingly, defenses

17 four, six, seven, eight, ten, eleven, twelve, thirteen, fourteen, and fifteen are stricken

18 **WITHOUT LEAVE TO AMEND**. Any Amended Answers or defenses must be filed within

19 fourteen (14) days of this order.

20       **IT IS SO ORDERED.**

21 DATED: June 8, 2015

22                                                    _____
                                                     M. James Lorenz

23                                                    United States District Court Judge

24 COPY TO:

25 HON. BERNARD G. SKOMAL
   UNITED STATES MAGISTRATE JUDGE

26

27 ALL PARTIES/COUNSEL

28

14cv02766